# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LAUREN E. MARSTELLER, and all others similarly situated, | : : : | **Case No.: 2:14-CV-1371** |
| Plaintiffs, | : : | |
| -against- | : : | **COMPLAINT** |
| BUTTERFIELD 8 STAMFORD LLC, BUTTERFIELD 8 WP LLC, PUBLIC HOUSE INVESTMENTS LLC, LOLAS STAMFORD LLC, JOHN GAZZOLA, RALPH BATTISTA, JR., DOUGLAS NEWHOOK, and RYAN SLAVIN, | : : : : : : : | **PLAINTIFF DEMANDS A TRIAL BY JURY** |
| Defendants. | : | |

## COMPLAINT

Plaintiff, Laura Marsteller, by and through her attorneys, The Boyd Law Group, PLLC,

complaining of defendants BUTTERFIELD 8 STAMFORD LLC, BUTTERFIELD 8 WP LLC,

PUBLIC HOUSE INVESTMENTS LLC, LOLAS STAMFORD LLC, (collectively, the

"Corporate Defendants"), JOHN GAZZOLA, RALPH BATTISTA, JR., DOUGLAS

NEWHOOK, and RYAN SLAVIN (collectively, the "Individual Defendants") (collectively, the

"Defendants"), respectfully alleges:

## PARTIES

1.    Plaintiff is a citizen of the State of Connecticut residing in Stamford at all times

relevant to this action.

2.    Defendants jointly employed Plaintiff, and others similarly situated, at all times

relevant herein.

3.    Defendants each had substantial control over Plaintiffs' working conditions, and

over the unlawful policies and practices alleged herein.

4.      Upon information and belief, Defendants are part of a single integrated enterprise that jointly employed Plaintiff and similarly situated employees at all times relevant to this action.

5.      Upon information and belief, Defendants' operations are interrelated and unified.

6.      Upon information and belief, during all relevant times to this action, the Defendants shared a common management and were centrally controlled and/or owned by Defendants.

7.      Upon information and belief, Defendant Butterfield 8 Stamford LLC is a domestic limited liability company with a principal place of business at 112 Bedford Street, Stamford, CT 06901-1901.

8.      Upon information and belief, Defendant Butterfield 8 WP LLC is a foreign limited liability company registered in the State of New York, Westchester County with a principal place of business at 147 Mamaroneck Avenue, White Plains, NY 10601-5302

9.      Upon information and belief, Public House Investments LLC is a foreign limited liability company registered in the Commonwealth of Pennsylvania, Montgomery County with a principal place of business at 3239 East Hayes Road, Norristown, PA 19403-4019.

10.     Upon information and belief, Lolas Stamford LLC is a domestic limited liability company with a principal place of business at 135 Bedford Street, Stamford, CT 06901-1902.

11.     Together with the other Defendants, Defendants owned and/or operated the Corporate Defendants at all times relevant herein.

12.     Upon information and belief, JOHN GAZZOLA is a resident of the State of New York, and owns, directs, or controls BUTTERFIELD 8 STAMFORD LLC, BUTTERFIELD 8 WP LLC and PUBLIC HOUSE INVESTMENTS LLC.

13.     Upon information and belief, RALPH BATTISTA, JR. is a resident of the State of Connecticut, and a partner and employee of BUTTERFIELD 8 STAMFORD LLC and, as such, owns, directs, or controls BUTTERFIELD 8 STAMFORD LLC.

14.     Upon information and belief, DOUGLAS NEWHOOK is a resident of the State of Connecticut, and at all relevant times herein was an employee of BUTTERFIELD 8 STAMFORD LLC.

15.     Upon information and belief, RYAN SLAVIN is a resident of the State of Connecticut, and at all relevant times herein was an employee of BUTTERFIELD 8 STAMFORD LLC.

16.     The Defendants are covered employers within the meaning of the Fair Labor Standards Act and applicable Connecticut law, and – at all times relevant – employed Plaintiff and others similarly situated.

17.     At all relevant times, the Defendants maintained control, oversight, and direction over Plaintiff and others similarly situated, including with respect to timekeeping, payroll, and other employment practices applied to them.

18.     Upon information and belief and at all relevant times to this action, the Individual Defendants DOUGLAS NEWHOOK and RYAN SLAVIN had power over personnel decisions at the Corporate Defendants, including the power to hire and

fire employees, set their wages, and otherwise control the terms and conditions of their employment.

19.     Upon information and belief and at all relevant times to this action, the Individual Defendants DOUGLAS NEWHOOK, RYAN SLAVIN, and JOHN GAZOLLA had power over payroll decisions at the Corporate Defendants, including the power to retain time and/or wage records.

20.     Upon information and belief and at all relevant times to this action, the Individual Defendants DOUGLAS NEWHOOK, RYAN SLAVIN and JOHN GAZOLLA are actively involved in managing the day-to-day operations of the Corporate Defendants.

21.     Upon information and belief and at all relevant times to this action, the Individual Defendants DOUGLAS NEWHOOK and RYAN SLAVIN also had the power to stop any illegal pay practices that harmed Plaintiffs and similarly situated employees.

22.     The Individual Defendants DOUGLAS NEWHOOK and RYAN SLAVIN are covered employers within the meaning of the Fair Labor Standards Act and applicable Connecticut law, and at all relevant times to this action, employed and/or jointly employed Plaintiff and similarly situated employees.

## JURISDICTION & VENUE

23.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367 as this action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. and Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, cited as 42 U.S.C. § 2000e.

24. This Court has personal jurisdiction over all the parties in this Complaint, and venue is proper pursuant to 28 U.S.C. § 1391(b).

25. Defendants employ over fifty (50) people.

26. Plaintiff timely filed a complaint with CHRO on or about April 10, 2013.

27. Plaintiff received a "right-to-sue" letter together with a "Release of Jurisdiction" form dated June 26, 2014 , attached hereto as Exhibit A.

28. Plaintiff, furthermore, requested a Notice of Right to Sue from the Boston Area EEOC Office, and a representative has explained that one will be forthcoming.

29. Thus, Plaintiff has exhausted all administrative remedies and timely filed this Complaint within ninety (90) days of the receipt of Exhibit A.

## FACTS

30. Plaintiff is a female.

31. Plaintiff, at all relevant times herein, was employed by Defendant BUTTERFIELD 8 STAMFORD LLC and LOLAS STAMFORD LLC.

32. Upon information and belief, Plaintiff, at all relevant times herein, was paid by BUTTERFIELD 8 STAMFORD LLC, LOLAS STAMFORD LLC, and PUBLIC HOUSE INVESTMENTS LLC.

33. Plaintiff began working for Defendant BUTTERFIELD 8 STAMFORD LLC and LOLAS STAMFORD LLC in or about May 2012 as an "Event Coordinator".

34. Plaintiff regularly worked in excess of twelve (12) hours per day for six or seven days a week.

35. Plaintiff was never, however, paid overtime for hours worked in excess of forty (40) hours per week.

36.    Plaintiff's direct supervisors were Defendants DOUGLAS NEWHOOK and
       RYAN SLAVIN.

37.    Throughout the course of Plaintiff's employment, she was regularly subjected to a
       hostile work environment including, but not limited to, teasing of a sexual nature
       by male employees of the Defendants.

38.    This sexually-based teasing made Plaintiff feel uncomfortable, harassed,
       degraded, and disrespected.

39.    One such example of sexual teasing, which occurred several times, included male
       colleagues looking at Plaintiff from head to toe and then speculating aloud as to
       whether Plaintiff was wearing underwear.

40.    Defendants' employees also showed Plaintiff pictures of male genitalia on their
       computers.

41.    Defendant DOUGLAS NEWHOOK continuously bragged to Plaintiff about his
       sexual exploits with women.

42.    Upon information and belief, Defendants were aware of these incidents and did
       nothing to reprimand employees, prevent or remedy this behavior or to provide
       any workplace training to employees.

43.    Furthermore, upon information and belief, Defendants participated in this
       behavior with their male employees, including Individual Defendants
       DOUGLAS NEWHOOK and RYAN SLAVIN.

44.    The Individual Defendants, together, created and fostered a work environment at
       Defendant's Butterfield 8 restaurant akin to that created by drunken students at a
       college fraternity house.

45.     Upon information and belief, Defendants neither provided nor participated in sexual harassment prevention training as required by Conn. Gen. Stat. § 46a-54-200 through 207, inclusive.

46.     Further, Defendants failed to provide employees notice by posting required notices concerning the illegality of sexual harassment and remedies available to victims as required by Conn. Gen. Stat. § 46a-54-201.

47.     Similarly, Defendants failed to provide managers sexual harassment training as required by Conn. Gen. Stat. § 46a-54-204.

48.     Defendant DOUGLAS NEWHOOK often openly berated Plaintiff and other employees, and once threw a box of business cards at Plaintiff just barely missing her head.

49.     Defendant DOUGLAS NEWHOOK often came into the management office where Plaintiff frequently worked and changed his clothes in Plaintiff's presence, removing his pants, despite Plaintiff's objections.

50.     Plaintiff protested Defendant DOUGLAS NEWHOOK's doing so to no avail.

51.     On or about October 5, 2012, Plaintiff was in charge of tending to administrative tasks during the day and was expecting to be managing an event in the evening.

52.     Because Plaintiff's work during the day did not involve interaction with customers, Plaintiff had worn what could be best described as "gym clothes."

53.     However, Plaintiff was always prepared to meet with customers later in the day and, as such, kept a change of clothes in the restaurant's management office for such purposes.

54.     Such an occasion arose when, during that day, the sole wait staff server abruptly

left the restaurant, requiring the Plaintiff to have to take up the deserting server's

duties and, thus, requiring Plaintiff to wear presentable clothes to attend to

customers.

55.     Plaintiff could not use the bathroom to change clothes because doing so would

require her presence in her gym clothes in front of customers she was to be

serving later.

56.     Accordingly, Plaintiff locked the management office door – in order not to be

disturbed – as she changed from her gym clothes into her work clothes.

57.     Although Plaintiff was aware that the management office had a security camera,

and Plaintiff took steps to avoid being seen on camera, she was aware there was a

possibility that she might have been caught changing on camera.

58.     As a result, Plaintiff sent text messages to both of her managers, Defendant

DOUGLAS NEWHOOK and Defendant RYAN SLAVIN and spoke to them

individually stating that she may have been caught on camera while changing her

clothes in the management office and imploring them to not view the video tape

of those moments and to furthermore erase any such recording of her.

59.     Defendant RYAN SLAVIN responded with words to the effect of: "good, I get to

watch you on the videotape again," impliedly  informing Plaintiff that he had

previously watched her change her clothes before.

60.     The Defendants failed to provide Plaintiff, and others similarly situated, written

notice prior to the electronic monitoring of their employees, as required by Conn.

Gen. Stat § 31-48d.

61.     Upon information and belief, Defendant RYAN SLAVIN reviewed the videotape to find the portion of the tape showing the Plaintiff undressing and conducted viewings of the videotape to other male and female employees of the Defendants, including Individual Defendants RYAN SLAVIN and DOUGLAS NEWHOOK.

62.     On or about Saturday, October 20, 2012, Plaintiff's employment was summarily terminated by Defendant DOUGLAS NEWHOOK.

63.     Plaintiff was informed that the reason for her termination was because she had approved a wait-staff server to take that night off as the restaurant was not busy at that time.

64.     Plaintiff's termination was, as such, retaliation for not tolerating and voicing complaints of unlawful sexual harassment.

65.     However, Plaintiff had been specifically authorized by Defendant RYAN SLAVIN to use her discretion to allow that server to take the night off if the restaurant was not busy and the server was not needed.

66.     After her summary termination on or about October 26, 2012, Plaintiff received a text message and/or telephone call from a male employee of the Defendants.

67.     The male employee informed Plaintiff that he had been asked earlier that week by Defendant RYAN SLAVIN step inside the manager's office.

68.     Once inside the office, the male employee informed Plaintiff that Defendant SLAVIN then proceeded to show him the videotape footage in which the Plaintiff had been caught on camera in a state of complete undress.

69.     Upon information and belief, the Individual Defendants regularly conducted viewings the videotape of Plaintiff changing clothes in the manager's office.

70.   Individual Defendants DOUGLAS NEWHOOK and RYAN SLAVIN created and encouraged a hostile work environment filled with demeaning sexual harassment.

71.   The above referenced acts are a representative sample – not a comprehensive list – of the unlawful conduct which Plaintiff endured during the course of her employment.

## COUNT I
## TITLE VII
## (HOSTILE WORK ENVIRONMENT SEXUAL HARASSMENT)

72.   The foregoing paragraphs are hereby restated and incorporated as if fully set forth herein.

73.   Defendants and others working for Defendants openly and publicly made inappropriate comments to Plaintiff in the workplace.

74.   Defendants, and others working for Defendants, openly distributed and viewed sexually explicit websites and other materials of a sexual nature in the workplace.

75.   Plaintiff complained about sexual harassment and Defendants failed to properly investigate Plaintiff's complaints, discipline, or otherwise instruct their employees about such conduct.

76.   Instead, Defendants terminated Plaintiff shortly thereafter.

77.   Without limitation, all of the foregoing actions of the Defendants and their employees created an intimidating, hostile, and offensive working environment.

78.   Defendants' discriminatory and retaliatory discharge of Plaintiff caused her to suffer monetary damages in an amount not readily ascertainable as well as severe emotional distress.

## COUNT II
## TITLE VII
## (RETALIATION)

79.     The foregoing paragraphs are hereby restated and incorporated as if fully set forth herein.

80.     Plaintiff's complaints of sexual harassment were never addressed nor rectified.

81.     Plaintiff was terminated on the pretext of doing something that she had been otherwise expressly authorized to do.

82.     Due to Defendants' termination of Plaintiff, Defendants impermissibly terminated Plaintiff's employment in retaliation for her protected activity in making complaints of the discriminatory hostile work environment.

83.     Defendants' discriminatory and retaliatory discharge of Plaintiff caused her to suffer monetary damages in an amount not readily ascertainable as well as severe emotional distress.

## COUNT III
## FAIR LABOR STANDARDS ACT
## (UNPAID OVERTIME)

84.     The foregoing paragraphs are hereby restated and incorporated as if fully set forth herein.

85.     At all relevant times, upon information and belief, Defendants were – and continue to be – employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §§ 206(a) and 207(a).

86.     At all relevant times, Plaintiff was a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

87.   Upon information and belief, at all relevant times, Defendants had gross annual revenues in excess of $500,000.

88.   At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff, and others similarly situated, for their hours worked in excess of forty (40) hours per work week.

89.   Defendants failed to pay Plaintiff, and others similarly situated, overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

90.    Records, if any, concerning the number of hours worked by Plaintiff, and others similarly situated, and the actual compensation paid to them are in the possession, custody, and control of the Defendants.

91.   Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this matter, and – if necessary – will then seek leave of the Court to amend this Complaint to set forth the exact amounts due and owing by Defendants.

92.   Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, and others similarly situated, at the statutory rate of time and one-half for her hours worked in excess of forty (40) hours per week when Defendants knew of or should have known such was due by law.

93.   Defendants failed to properly disclose or apprise Plaintiff, and others similarly situated, of their rights under the FLSA.

94.     As a direct and proximate cause of Defendants' willful disregard of the FLSA,

        Plaintiff is entitled to, among other things, liquidated damages pursuant to the

        FLSA.

95.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff, and

        others similarly situated, suffered damages in an amount not presently

        ascertainable of unpaid overtime wages, plus an equal amount of liquidated

        damages in an amount to be determined after a full trial on the merits.

96.     Plaintiff is entitled to an award of her reasonable attorneys' fees and costs

        pursuant to 29 U.S.C. § 216(b).

### COUNT IV
### CONN. GEN. STAT. § 46a-60(a)(8)
### (SEXUAL HARRASMENT)

97.     The foregoing paragraphs are hereby restated and incorporated as if fully set forth

        herein.

98.     Defendants employed Plaintiff within the meaning of Conn. Stat. § 46a-

        60(a)(8).

99.     Defendants harassed Plaintiff on the basis of her sex within the meaning of Conn.

        Gen. Stat. § 46a-60(a)(8).

100.    Plaintiff's rejection of such conduct and complaints about the discriminatory

        hostile work environment by Defendants was used as the basis for her termination

        within the meaning of Conn. Gen. Stat. § 46a-60(a)(8).

101.    Defendants' actions, furthermore, had the purpose and effect of substantially

        interfering with Plaintiff's work performance and created an intimidating, hostile,

        and offensive working environment.

102.   Defendants' discriminatory and retaliatory discharge of Plaintiff caused her to suffer monetary damages in an amount not readily ascertainable as well as severe emotional distress.

### COUNT V
### CONN. GEN. STAT. §§ 31-290a and 46-60(a)(4)
### (RETALIATION)

103.   The foregoing paragraphs are hereby restated and incorporated as if fully set forth herein.

104.   Defendants impermissibly terminated Plaintiff's employment in retaliation for her protected activity in making complaints of the discriminatory hostile work environment.

105.   Defendants' discriminatory and retaliatory discharge of Plaintiff caused her to suffer monetary damages in an amount not readily ascertainable as well as severe emotional distress.

### COUNT VI
### CONN. GEN. STAT. §§ 31-60(a) & 31-76(b)
### (UNPAID OVERTIME)

106.   The foregoing paragraphs are hereby restated and incorporated as if fully set forth herein.

107.   Plaintiff regularly worked twelve hour days six to seven days a week.

108.   Plaintiff, and others similarly situated, were not paid overtime.

109.   Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff, and others similarly situated, suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount of liquidated damages in an amount to be determined after a full trial on the merits.

110.    Plaintiff is entitled to an award of her reasonable attorneys' fees and costs pursuant to Conn. Gen. Stat. § 31-72.

111.    Plaintiff is therefore entitled to relief.

## COUNT VII
## COMMON LAW
## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

112.    The foregoing paragraphs are hereby restated and incorporated as if fully set forth herein.

113.    Defendants intended to inflict emotional distress upon Plaintiff by engaging in demeaning sexual harassment and creating a hostile work environment and, specifically, by intentionally displaying the video of Plaintiff in a complete state of undress to numerous employees of Defendants.

114.    Defendants knew or should have known that emotional distress was the likely result of Defendants conduct.

115.    Defendants' conduct was extreme and outrageous.

116.    Defendants' conduct in viewing and displaying the video to others was the cause of Plaintiff's emotional distress causing her shock, embarrassment, and – *inter alia* - humiliation.

117.    The emotional distress sustained by Plaintiff was severe.

118.    Plaintiff is therefore entitled to relief, including – but not limited to – punitive damages for Defendants' wanton and willful conduct.

## COUNT VIII
## COMMON LAW
### (UNREASONABLE INTRUSION ON THE SECLUSION OF ANOTHER)

119.    The foregoing paragraphs are hereby restated and incorporated as if fully set forth

herein.

120.    Plaintiff's privacy was invaded by way of Defendants watching her in a state of

undress against her objection and without her consent.

121.    Defendants' viewing Plaintiff by means of video recording devices constitutes an

intrusion.

122.    Plaintiff had a reasonable expectation of privacy from such intrusion.

123.    Defendants' viewing and displaying to others of Plaintiff in a state of complete

undress to others was done intentionally.

124.    Such an invasion of privacy would offend a reasonable person of ordinary

sensibilities.

125.    Plaintiff is therefore entitled to relief, including – but not limited to – punitive

damages for Defendants' wanton and willful conduct.

## COUNT IX
## COMMON LAW
### (UNREASONABLE PUBLICITY OF PRIVATE FACTS)

126.    Defendants' viewed and broadcasted video images of Plaintiff in a state of

complete undress to male and female employees of Defendant BUTTERFIELD 8

STAMFORD LLC and LOLAS STAMFORD LLC.

127.    Upon information and belief, Defendants' broadcasted video images of Plaintiff

in a state of complete undress to other employees of Defendants.

128.    Images of Plaintiff in a state of complete undress are private facts that are not a matter of legitimate public concern.

129.    How Plaintiff appears naked is a deeply private fact, and Plaintiff took steps to keep her appearance in a state of undress private.

130.    Plaintiff is therefore entitled to relief, including – but not limited to – punitive damages for Defendants' wanton and willful conduct.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for appropriate compensatory damages, including: damages for back pay, front pay, unpaid overtime, bonuses, benefits, emotional distress, punitive damages, reasonable attorneys' fees, costs, interest, and whatever other and further relief the Court deems just and proper.

Dated: September 18, 2014
       Stamford, Connecticut

                                        THE BOYD LAW GROUP, PLLC.


                                        _____
                                        Patrick James Boyd, Esq. (PB0921)
                                        68 Southfield Avenue
                                        Two Stamford Landing
                                        Suite 100
                                        Stamford, CT 06902-7223
                                        (203) 921-0322 (office)
                                        (212) 867-5068 (direct dial)
                                        (203) 975-1110 (facsimile)
                                        pboyd@theboydlawgroup.com

17

# EXHIBIT A



**State of Connecticut**
**COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES**
Central Office ~ 25 Sigourney Street, 7th Floor, Hartford, CT 06106
*Promoting Equality and Justice for all People*

June 26, 2014

  RE: CHRO No. 1320347 – <u>Lauren E. Marsteller v. Butterfield 8 Stamford LLC</u>

Dear Parties/Counsel:

Your case has been processed pursuant to CONN. GEN. STAT. § 46a-83(c)(2) through the Commission's Early Legal Intervention (ELI) program.  The next step for your case is:

  [ X ]  The Commission has issued a release of jurisdiction, which is enclosed.  The complainant has 90 days from receipt of the release to file a civil action in Superior Court.  The complainant will have to obtain a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC) to litigate any federal claims of discrimination.

  [  ]  Your case is being sent directly to public hearing.  If the complainant or the complainant's attorney requested ELI, the complainant or complainant's attorney will be expected to put on the case at public hearing, unless the Commission attorney assigned the case decides otherwise.  You will receive a notice from the Office of Public Hearings scheduling the hearing conference.

  [  ]  Your case will be investigated.  You will be contacted by the individual assigned to the case with respect to scheduling further proceedings or producing documents and/or witnesses to complete the investigation.

  [  ]  Your case is being administratively dismissed or returned to the regional office with a recommendation that it be dismissed for no reasonable cause.

Thank you for your participation in the Commission's ELI program.

Yours very truly,

*Charles Krich*

Charles Krich
Principal Attorney

Sent to:
Complainant's attorney:  pgoodman@cszlaw.com
Respondent's attorney:  wsalerno@pinolaw.com

**STATE OF CONNECTICUT**
**COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES**

Lauren E. Marsteller
COMPLAINANT

                                    CHRO No. 1320347

vs.

                                    EEOC No. 16A-2013-00869

Butterfield 8 Stamford LLC
RESPONDENT

# RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint.  The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the Respondent transacts business.  If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

**A copy of any civil action brought pursuant to this release must be served on the Commission at 25 Sigourney Street, Hartford, CT 06106 at the same time all other parties are served. THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION   BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

June 26, 2014
DATE

                                *Tanya A. Hughes*

                                Tanya A. Hughes
                                Executive Director

Sent to:
Complainant's attorney:  pgoodman@cszlaw.com
Respondent's attorney:  wsalerno@pinolaw.com