UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
LAUREN E. MARSTELLER          :    Civil No. 3:14CV01371(AWT)
                              :
v.                            :
                              :
BUTTERFIELD 8 STAMFORD LLC,   :    November 27, 2017
et al.                        :
                              :
------------------------------x
```

**ORDER ON MOTION TO COMPEL [Doc. #92]**

Defendants Butterfield 8 Stamford LLC, Public House Investments LLC, John Gazzola, Douglas Newhook, and Ryan Slavin ("defendants")[1] have filed a motion seeking to compel plaintiff to (1) provide authorizations for release of her medical records and (2) provide access to her social media accounts or, in the alternative, copies of certain social media communications. [Doc. #92]. Plaintiff has filed a memorandum in opposition to defendants' Motion to Compel [Doc. #97]. For the reasons set forth below, the Court **GRANTS, in part, and DENIES, in part**, defendants' Motion to Compel.

**I.   BACKGROUND**

Plaintiff brings this action asserting claims of sexual

---

[1] The motion does not indicate that it is being brought on behalf of defendant Lolas Stamford LLC. See Doc. #92 at 1.

1

harassment and retaliation under Title VII and Connecticut law; violation of the Fair Labor Standards Act and Connecticut Wage and Hour Act; intentional infliction of emotional distress; and common law privacy claims. See generally Doc. #7. Plaintiff alleges that defendants Douglas Newhook and Ryan Slavin, both employees of the other defendants, repeatedly sexually harassed her, watched her changing her clothes on a company security camera in a private office, and showed the video of her changing clothes to other employees of defendants. See id. Plaintiff alleges that she experienced "severe emotional distress" as a result of this conduct. Id. at 11, 14, 16.

On October 10, 2017, Judge Alvin W. Thompson referred this matter to the undersigned to address discovery issues. See Doc. #78. On October 20, 2017, the Court held a telephonic status conference. See Doc. #89. Following that conference, the Court set a deadline of November 14, 2017, for the filing of any motions to compel. See Doc. #91. Defendants timely filed a motion to compel, and plaintiff filed an objection. See Docs. #92, #97.

**II.   DISCUSSION**

**A.   Legal Standard**

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The advisory committee's notes to the recent amendment of Rule 26 further explain that

> [a] party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them. The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery.

Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment. Nevertheless, "[t]he party resisting discovery bears the burden of showing why discovery should be denied." Cole v. Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009).

B.  **Motion to Compel Disclosure of Medical Records**

Defendants seek to compel plaintiff to provide a response to the following request for production: "Request No. 4: Copies of any and all hospital and/or treatment records and bills regarding the Plaintiff's medical treatment ... relating to the injuries described in the Complaint." Doc. #92-3 at 3 (cited in Doc. #92-1 at 2). Defendants request that plaintiff execute an

3

Authorization for Release of Health Information that would allow them to access her medical files directly, as a response to this request. See Doc. #92-1 Plaintiff objects that her medical files are privileged, and disclosure therefore would be inappropriate. See Doc. #97 at 3-5.

As plaintiff notes, Connecticut recognizes "a broad privilege in the confidentiality of their psychiatric communications and records." Falco v. Inst. of Living, 757 A.2d 571, 575 (Conn. 2000). However, in this case, in which subject matter jurisdiction is premised on a federal question, see Doc. #17 at 2, and the state law claims in issue (such as intentional infliction of emotional distress) are addressed under the Court's supplemental jurisdiction, "the asserted privileges are governed by the principles of federal law." von Bulow by Auersperg v. von Bulow, 811 F.2d 136, 141 (2d Cir. 1987).

Federal common law recognizes "a privilege protecting confidential communications between a psychotherapist and her patient." Jaffee v. Redmond, 518 U.S. 1, 9 (1996). "Like other testimonial privileges, the patient may of course waive the protection." Id. at 15 n.14. Waiver of a privilege need not be express.

> It is well established doctrine that in certain circumstances a party's assertion of factual claims can, out of considerations of fairness to the party's adversary, result in the involuntary forfeiture of privileges for matters pertinent to the claims asserted.

4

>      The loss of the privilege in these circumstances is
>      sometimes described as implied waiver, [and] sometimes
>      as "at issue" waiver because it results from the party
>      having placed a contention at issue.

John Doe Co. v. United States, 350 F.3d 299, 302 (2d Cir. 2003), as amended (Nov. 25, 2003) (internal citations omitted).

"Despite the strict protection it affords, the psychotherapist-patient privilege may be waived. Waiver occurs when a plaintiff puts his or her mental condition at issue in the case." Jacobs v. Conn. Cmty. Tech. Colleges, 258 F.R.D. 192, 195 (D. Conn. 2009) (internal citation omitted). Indeed, a plaintiff waives this privilege when bringing a claim for intentional infliction of emotional distress. See, e.g., Bagley v. Yale Univ., No. 3:13CV01890(CSH), 2016 WL 1531341, at *2 (D. Conn. Apr. 15, 2016) (holding that a plaintiff's "specific and particularized claim for emotional distress, allegedly caused by her employment 'situation' ... results in a forfeiture of her psychotherapist-patient privilege"); Green v. St. Vincent's Med. Ctr., 252 F.R.D. 125, 129 (D. Conn. 2008)("[T]he plaintiff has placed her mental or emotional state in issue by asserting claims for both negligent and intentional infliction of emotional distress, and by seeking damages for severe emotional distress."); cf. MacCluskey v. Univ. of Conn. Health Ctr., No. 3:13CV01408(MPS), 2014 WL 7404565, at *2 (D. Conn. Oct. 20,

2014) (Plaintiff did not waive privilege where she had "not brought a tort action for infliction of emotional distress.").

In her amended complaint, plaintiff asserts a claim for intentional infliction of emotional distress, alleging: "The emotional distress sustained by Plaintiff was severe." Doc. #7 at 16. This is a required element of the claim. A plaintiff asserting a claim for intentional infliction of emotional distress under Connecticut law must prove that "the emotional distress sustained by the plaintiff was severe. In Connecticut, the distress must be so severe that no reasonable person could be expected to endure it." Craig v. Yale Univ. Sch. of Med., 838 F. Supp. 2d 4, 12 (D. Conn. 2011) (internal citations and quotation marks omitted). "By claiming intentional infliction of emotional distress in [her] Amended Complaint, Plaintiff has waived the psychotherapist-patient privilege [she] would otherwise enjoy." Sanabria v. Martins, 568 F. Supp. 2d 220, 229 (D. Conn. 2008).

Plaintiff seeks to avoid this waiver by asserting that she is only seeking damages for "garden variety" emotional distress. However, "it is the complaint that defines the claims." See Green, 252 F.R.D. at 129. Whatever damages plaintiff seeks, her claims require a showing of severe emotional distress, and defendants are entitled to discovery of her treatment records to provide a reasonable opportunity to defend against these claims.

6

Accordingly, the Court **GRANTS** defendants' Motion to Compel production of medical records. However, the Court leaves the method of response up to plaintiff. Plaintiff may provide defendants with an executed authorization form, or provide defendants with "[c]opies of any and all hospital and/or treatment records and bills regarding the Plaintiff's medical treatment ... relating to the injuries described in the Complaint." Doc. #92-1 at 2. If plaintiff elects to provide an authorization form, she shall provide the executed form to defendants on or before **December 1, 2017**. If plaintiff elects to provide copies of her records, plaintiff shall produce such materials on or before **December 18, 2017**.

C.  **Motion to Compel Disclosure of Social Media Communications**

Defendants next seek to compel plaintiff to provide them with direct access to her social media accounts, or in the alternative, to compel plaintiff to provide copies of her social media communications. See Doc. #92-1 at 3. Defendants' requests for production sought, as relevant here:

> Request No. 13: Copies of any and all statements, signed or unsigned, written or recorded, of any and all witnesses to the Incident(s) described in the Complaint.
>
> Request No. 25: Copies of all communications, including, but not limited to, emails, text messages, regarding or relating to the Incident as alleged in the Complaint.

Doc. #92-3 at 5, 7, (cited in Doc. #92-1 at 3). Defendants argue that plaintiff's social media communications encompassing

7

materials responsive to these requests are relevant to her allegations of emotional distress. Plaintiff objects, asserting that she has testified that she never "posted anything relevant to her employment or the allegations in her Complaint." Doc. #97 at 7.

"Plaintiff's routine status updates and/or communications on social networking websites are not, as a general matter, relevant to her claim for emotional distress damages, nor are such communications likely to lead to the discovery of admissible evidence regarding the same." Giacchetto v. Patchogue-Medford Union Free Sch. Dist., 293 F.R.D. 112, 116 (E.D.N.Y. 2013). But the mere fact that social media was the method of communication used, rather than a handwritten letter or email, does not insulate relevant materials from disclosure in discovery. See id. (requiring the plaintiff to produce "any specific references [on social media] to the emotional distress she claims she suffered or treatment she received in connection with the incidents underlying her Amended Complaint"); see also Caputi v. Topper Realty Corp., No. 14CV02634(JFB)(SIL), 2015 WL 893663, at *6 (E.D.N.Y. Feb. 25, 2015) (same).

Requiring plaintiff to provide her social media passwords to defendants would constitute a wholesale invasion of her privacy, and would be far outside the bounds of proportionality. One can hardly imagine a better example of a fishing expedition.

8

Defendants offer no support for this demand, and the Court can find none. Accordingly, it is denied.

Defendants' alternative request for copies of social media materials responsive to the cited requests for production, however, is reasonable and likely to lead to admissible evidence. The Court notes that defendants' motion attempts to modify the requests for production actually served. In their motion, defendants seek "social media communications and photographs that reveal, refer or relate to any emotion or feeling or mental state of the Plaintiff." Doc. #92 at 1. As noted above, the requests actually cited in the motion seek "statements ... of any and all witnesses **to the Incident(s)** described in the Complaint" and "communications, including, but not limited to, emails, text messages, **regarding or relating to the Incident** as alleged in the Complaint." Doc. #92-3 at 5, 7 (emphases added). Defendants may not now expand or amend these requests to seek information about plaintiff's mental or emotional state generally.

Accordingly, the Court **GRANTS, in part, and DENIES, in part,** defendants' motion to compel production of social media communications. Plaintiff shall provide defendants with copies of any social media materials responsive to the two requests cited above, on or before **December 18, 2017**. Plaintiff's attorney shall supervise the search for relevant materials to

9

ensure that all relevant social media materials are produced, and shall provide a certification describing the nature and scope of the search conducted.

### III. CONCLUSION

For the reasons set forth herein, the Court **GRANTS, in part, and denies, in part**, defendants' Motion to Compel Production. [**Doc. #92**].

This is not a Recommended Ruling. This is an order regarding discovery which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at New Haven, Connecticut, this 27th day of November, 2017.

                                    /s/
                        HON. SARAH A. L. MERRIAM
                        UNITED STATES MAGISTRATE JUDGE