UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
LAUREN E. MARSTELLER          :    Civil No. 3:14CV01371(AWT)
                              :
v.                            :
                              :
BUTTERFIELD 8 STAMFORD LLC,   :    November 28, 2017
et al.                        :
                              :
------------------------------x
```

## ORDER ON MOTION TO COMPEL [Doc. #94]

Plaintiff Lauren E. Marsteller ("plaintiff") has filed a motion seeking to compel defendants Butterfield 8 Stamford LLC, Public House Investments LLC, Lolas Stamford LLC, and John Gazzola ("defendants")[1] to provide tax returns or other financial and corporate documents responsive to her Document Requests Nos. 8, 9, 10, 11, and 17. See Doc. #94-1 at 1. Defendants have filed a memorandum in opposition to plaintiff's motion. [Doc. #96]. For the reasons set forth below, the Court **GRANTS, in part, and DENIES, in part**, plaintiff's Motion to Compel.

### I. BACKGROUND

Plaintiff brings this action asserting claims of sexual harassment and retaliation under Title VII and Connecticut law;

---

[1] The motion does not indicate that it is being brought against defendants Douglas Newhook or Ryan Slavin. See Doc. #94 at 1.

1

violation of the Fair Labor Standards Act and Connecticut Wage and Hour Act; intentional infliction of emotional distress; and common law privacy claims. See generally Doc. #7. Plaintiff alleges that "the Defendants shared a common management and were centrally controlled and/or owned by Defendants." Id. at 2. Plaintiff further alleges that defendants "are part of a single integrated enterprise that jointly employed Plaintiff and similarly situated employees at all times relevant to this action." Id.

On October 10, 2017, Judge Alvin W. Thompson referred this matter to the undersigned to address discovery issues. See Doc. #78. On October 20, 2017, the Court held a telephonic status conference. See Doc. #89. Following that conference, the Court set a deadline of November 14, 2017, for the filing of any motions to compel. See Doc. #91. Plaintiff timely filed a motion to compel, and defendants filed an objection. See Docs. #94, #96.

**II. DISCUSSION**

**A. Legal Standard**

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to

2

relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The advisory committee's notes to the recent amendment of Rule 26 further explain that

> [a] party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them. The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery.

Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment. Nevertheless, "[t]he party resisting discovery bears the burden of showing why discovery should be denied." Cole v. Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009).

B.  **Motion to Compel Tax Returns**

Plaintiff seeks to compel defendants to provide "tax returns or other financial and corporate documents in order to demonstrate the complete ownership and control of those corporate entities and the businesses they operate[.]" Doc. #94 at 2. Plaintiff's request for production sought, as relevant here:

> 8. All documents evidencing the complete ownership, control, membership or management of the Corporate Defendants, including specifically Brother Jimmy's Stamford and Brother Jimmy's WP.

3

9. All documents evidencing any transfer or change in ownership, control, membership, management, licensing, property leasing (or lack thereof) from Butterfield 8 (sic) and Butterfield 8 WP to Brother Jimmy's Stamford and Brother Jimmy's WP, respectively.

10. All documents sufficient to show all assets, holdings, property and ownership, interests of the Corporate Defendants including, but not limited to, corporate ownership, partnership, membership or investment interests, bank accounts, letters of credit, leases, licenses, real property and investments (including any changes in the foregoing since the inception of the claims asserted by Plaintiff against Defendants with the Connecticut Commission of Human Rights and Opportunities, the Equal Employment Opportunities Commission and this Action).

11. All documents sufficient to show all assets, holdings, property and ownership interests of the Individual Defendants including, but not limited to, corporate ownership, partnership, membership or investment interests, bank accounts, letters of credit, leases, licenses, real property and investments (including any changes in the foregoing since the inception of the claims asserted by Plaintiff against Defendants with the Connecticut Commission of Human Rights and Opportunities, the Equal Employment Opportunities Commission and this Action).

17. Documents evidencing any ownership interests in, control management or operation of the Corporate Defendants, including, but not limited to, all principals, owners, members or shareholders of the Corporate Defendants.

Doc. #94-2 at 4-7. Plaintiff argues that defendants' tax returns are relevant to her allegations that defendants are part of a single integrated enterprise. See Doc. #94-1 at 2. She further contends that the documents provided by defendants and the testimony of defendant John Gazzola, and of terminated defendant Ralph Battista, Jr., provide contradictory information about

whether the corporate defendants are interconnected. See id. at 5. Defendants object, asserting that their tax returns are not relevant, that they have already provided sufficient documentation about the structure of the corporate defendants, and that there were other avenues of discovery through which the information plaintiff seeks could have been obtained.[2] See generally Doc. #96. Defendants also argue that any disclosure of tax returns should be limited in time and scope, allow for redaction of sensitive information, and be subject to an appropriate protective order. See id. at 4.

> Although income tax returns are not inherently privileged, courts are typically reluctant to compel their disclosure because of both the private nature of the sensitive information contained therein and the public interest in encouraging the filing by taxpayers of complete and accurate returns. To compel the disclosure of income tax returns, a two-part test must be satisfied: (1) the returns must be relevant to the subject matter of the action and (2) there must be a compelling need for the returns because the information is not otherwise readily available.

Uto v. Job Site Servs., Inc., 269 F.R.D. 209, 212 (E.D.N.Y. 2010) (internal citation and quotation marks omitted). When other avenues of discovery fail to clarify ownership interests in business entities, a court may order the disclosure of tax returns. See, e.g., Dunkin' Donuts Franchised Restaurants LLC v.

---

[2] Discovery is now closed. Accordingly, plaintiff's decision to forgo deposition of defendant Public House Investments LLC or seek other discovery may not now be revisited.

Grand Cent. Donuts, Inc., No. 1:07CV04027(ENV)(MDG), 2009 WL 973363, at *2 (E.D.N.Y. Apr. 9, 2009) (granting limited production of tax returns where the individuals served with subpoenas had "denied having any interest in any [of the corporate defendants] and ... refused to provide any other potentially relevant documentation"); Molfese v. Fairfaxx Corp., No. 3:05CV00317(JBA), 2006 WL 798928, at *3 (D. Conn. Mar. 29, 2006) ("Plaintiff is entitled to receive limited portions of [a business entity's] federal and state tax returns, W-2s and 1099s from 2004-2005 reflecting the existence of such [entity].").

The Court addresses relevance first. The gravamen of plaintiff's complaint against the corporate defendants in this case is that they were operating an integrated enterprise, and are therefore jointly liable for the actions of the individual defendants. See generally Doc. #7. The specific figures in defendants' tax returns may not be relevant to the issue of whether defendants operated an integrated enterprise; however, tax returns showing whether or not defendants are financially interconnected in some way are potentially relevant to plaintiff's claims against the corporate defendants.

Defendants argue that any disclosure of tax returns should be limited in time, but they make no specific request for a particular time limitation. See Doc. #96 at 4. Plaintiff does not provide for any time limitation in her requests or in her

motion, or give any indication as to which years' tax returns plaintiff believes are relevant. See generally Doc. #94-1. Plaintiff only worked for defendants for a period of months in 2012. See Doc. #7 at 5, 9. She filed a complaint with the Connecticut State Commission on Human Rights and Opportunities and the Equal Employment Opportunity Commission in 2013, and filed this lawsuit in 2014. See id. at 5. The Court finds, in the absence of any guidance from the parties, that tax returns for the time period plaintiff worked for the defendants up to the time she filed this case are most likely to provide relevant information about the structure of the corporate defendants. Accordingly, redacted tax returns for the years 2012, 2013, and 2014, are discoverable.

    The Court next considers whether this information was otherwise available. Plaintiff has sought to clarify the corporate structure and relationships among the defendants through both depositions and requests for production. The disclosures defendants have made and the depositions of defendants have not provided a clear picture of defendants' corporate structure. See Doc. #94-1 at 4-5. Defendants assert that each corporate defendant is solely owned and operated, but "[p]laintiff is not required to rely on defendant[s'] representations" regarding these matters. Molfese, 2006 WL 798928, at *3.

Plaintiff has satisfied the two-part test to compel disclosure of defendants' federal and state tax returns to the extent they reveal relationships among the defendants. See Uto, 269 F.R.D. at 212.

Plaintiff further argues that financial information in the tax returns is relevant to her request for punitive damages. "[C]ourts in this circuit are split on the issue of allowing pretrial disclosure of financial information relevant to a determination of punitive damages." Pasternak v. Dow Kim, 275 F.R.D. 461, 463 (S.D.N.Y. 2011) (internal citation and quotation marks omitted). Compare Hazeldine v. Beverage Media, Ltd., No. 94CV03466(CSH), 1997 WL 362229, at *3 (S.D.N.Y. June 27, 1997) (finding "that pre-trial financial discovery and a bifurcated trial is the more efficient method of managing a trial involving a punitive damages claim[]"), with Willey v. Kirkpatrick, No. 07CV06484(CJS), 2011 WL 4368692, at *5 n.2 (W.D.N.Y. Sept. 19, 2011) ("Should the question of punitive damages be presented to the jury, plaintiff is free to renew his request for information concerning defendants' financial status.").

This case is being scheduled for trial in 2018, and the Joint Trial Memorandum is due to be filed by December 11, 2017. See Doc. #98. The question of how to handle discovery directed solely to punitive damages is better decided in conjunction with the planning of the trial. Accordingly the parties should raise

this issue in their Joint Trial Memorandum so that it may be addressed by the trial judge. The Court denies plaintiff's motion, without prejudice, to the extent it requests specific financial information in the defendants' tax returns.

## C. Motion to Compel Custodial Affidavit

In a brief footnote, plaintiff requests that the Court compel defendants to provide a "sworn statement by a custodian of record attesting to the existence" of certain deleted e-mail accounts and defendants' failure to preserve them. Doc. #94-1 at 9-10 n.4. This request is not further addressed in plaintiff's motion or the body of her memorandum, and it is therefore waived. Cf. City of Syracuse v. Onondaga Cty., 464 F.3d 297, 308 (2d Cir. 2006).

## III. CONCLUSION

For the reasons set forth herein, plaintiff's Motion to Compel is **GRANTED, in part, and DENIED, in part**. Defendants shall produce federal and state tax returns for the years 2012, 2013, and 2014, that contain any reference to relationships or payments between or among any of the defendants in this matter, including Douglas Newhook and Ryan Slavin. Defendants may redact financial details and figures from the tax returns, as well as sensitive information such as social security numbers, and tax identification numbers. The parties shall confer and propose an appropriate protective order. Defendants shall provide plaintiff

with copies of the redacted tax returns on or before **December 19, 2017**.

This is not a Recommended Ruling. This is an order regarding discovery which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at New Haven, Connecticut, this 28th day of November, 2017.

/s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE